IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward Prestly Carroll, | ) C/A No.: 1:11-2092-RBH-SVH |
| Petitioner, | ) |
| vs. | ) |
| | ) REPORT AND RECOMMENDATION |
| Warden McCall, Perry Correctional Institution, | ) |
| Respondent. | ) |

Petitioner Edward Prestly Carroll is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Respondent's return and motion for summary judgment. [Entry #22, #23]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by February 6, 2012. [Entry #24]. Petitioner filed a response on January 17, 2012. [Entry #29]. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

I.  Procedural Background

Petitioner was indicted by the Greenville County grand jury in October 2007 for one count of armed robbery and one count of possession of a weapon during commission of a

violent crime. Petitioner was represented by Steven W. Sumner, Esq. and pled guilty before the Honorable John C. Few, then-Circuit Court Judge, on September 18, 2008.[1] [Entry #22-1 at 3-49]. Judge Few sentenced Petitioner to eighteen years on the armed robbery count and five years concurrent on the weapons count. [Entry #22-1 at 48-49].

Petitioner did not appeal from his guilty plea.

Petitioner filed an application for post-conviction relief ("PCR") on January 6, 2009, as amended June 27, 2009, in which he alleged (1) ineffective assistance of counsel; (2) involuntary guilty plea; and (3) due process violation. [Entry #22-1 at 51-72]. A PCR evidentiary hearing was held before the Honorable Edward G. Welmaker on November 12, 2009, at which Petitioner and his counsel, Rodney A. Richey, Esq. appeared. [Entry #22-1 at 80-107]. On December 11, 2009, Judge Welmaker entered an order of dismissal. [Entry #22-1 at 109-115]. Petitioner did not file a Rule 59(e), SCRCP, Motion to Alter or Amend. On December 16, 2009, Petitioner appealed from the denial of PCR by way of a Petition for Writ of Certiorari in the Supreme Court of South Carolina. [Entry #22-3].

Appellate Defender Robert Pachak of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represented Petitioner on appeal and filed a

---

[1] The caption of the guilty plea transcript reflects a date of October 6, 2008 [Entry #22-1 at 4], but the Court Reporter's Certificate indicates the proceedings occurred on September 18, 2008 [Entry #22-1 at 50], which is the date referenced in the PCR application [Entry #22-1 at 52], PCR hearing [Entry #22-1 at 82] and the PCR Order of Dismissal [Entry #22-1 at 110].

*Johnson*[2] petition for writ of certiorari in the South Carolina Supreme Court on May 28, 2010 and petitioned to be relieved as counsel. [Entry #22-4].The petition raised the following issue: "Whether plea counsel was ineffective in his representation of petitioner?" [Entry #22-4 at 3]. On or about July 9, 2010, Petitioner filed a pro se brief. [Entry #22-5].

On June 24, 2011, after careful consideration of the entire record as required by *Johnson*, the South Carolina Supreme Court denied the petition and granted counsel's request to be relieved. [Entry #22-6]. The remittitur was issued on July 12, 2011. [Entry #22-7].

Petitioner filed this federal petition for a writ of habeas corpus on August 4, 2011. [Entry #1].[3]

---

[2] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (applying the factors of *Anders v. California*, 386 U.S. 738 (1967), to post-conviction appeals). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

[3] The petition was received by the court on August 8, 2011 and docketed on August 10, 2011. However, because Plaintiff is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). Petitioner dated his petition July 11, 2011, but his envelope indicates the petition was deposited in the prison mailing system on August 4, 2011.

II.  Discussion

    A.  Federal Habeas Issues

Petitioner now asserts he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:**     Involuntary Guilty Plea

**Ground Two:**     Ineffective assistance of plea counsel based upon counsel's failure to withdraw plea when state failed to honor plea agreement

**Ground Three:**     Ineffective assistance of plea counsel for failing to advise of the consequences of the community supervision program

**Ground Four:**     Erroneous advice about plea for telling petitioner he was pleading to a 10 year 85% sentence when in fact he received an 18 year sentence

[Entry #1 at 5-10].

    B.  Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of

the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    C.    Habeas Corpus Standard of Review

        1.    Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was

contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2. Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

6

### a. Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i) there is an absence of available State corrective process; or

    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may

consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[4] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application,

---

[4] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

regardless of whether the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

      b.      Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### 3. Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

### 4. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1985). Petitioner bears the burden of proving an error and prejudice in his ineffective assistance of counsel claim. *Id.*

11

D. Analysis

1. Procedurally-Barred Grounds

As an initial matter, Respondent contends that Petitioner's Grounds Two, Three, and Four are procedurally-barred to the extent that they were not raised in a direct appeal or PCR appeal. The undersigned agrees that the procedural bar applies to Grounds Two, Three, and Four. In Ground Two, Petitioner alleges ineffective assistance of plea counsel based upon counsel's failure to withdraw the plea when the state allegedly failed to honor the plea agreement. In Ground Three, Petitioner alleges ineffective assistance of plea counsel for failing to advise of the consequences of the community supervision program. In Ground Four, Petitioner alleges plea counsel gave him erroneous advice about the plea for telling petitioner he was pleading to a 10 year 85% sentence when in fact he received an 18 year sentence.

Petitioner did not file a direct appeal, and these grounds were not argued in the PCR application, during the PCR proceeding, nor addressed by the order denying PCR relief. Petitioner did not seek a ruling by filing a Rule 59(e) motion. Under state court procedure, the state supreme court has held that such issues are not preserved for consideration on appeal. *Marlar*; *Simpson v. Moore*, 627 S.E.2d 701, 708 n.3 (S.C. 2006); *Harris v. State*, 581 S.E.2d 154 (S.C. 2003).

Therefore, to the extent that Grounds Two, Three, and Four were not raised in Petitioner's direct or PCR appeal, they were not fairly presented to the South Carolina appellate courts and are procedurally-barred from federal habeas review. *See Coleman*,

501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review).

2. Cause and Prejudice

Petitioner has not shown sufficient cause and prejudice to excuse the default of Grounds Two, Three, and Four. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, they are procedurally barred from consideration by this court and should be dismissed. *Id.*; *see* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (In order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.); *Wainwright,* 433 U.S. at 88–91; *Murray*, 477 U.S. at 496; *Rodriguez*, 906 F.2d at 1159 (a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent") (*citing Murray*); *Sawyer v. Whitley*, 505 U.S. 333, 348 (1992); *Bolender v. Singletary*, 898 F. Supp. 876, 881 (S.D. Fla. 1995).

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the State's procedural rule. *Murray*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on Grounds Two, Three, and Four. Petitioner had a guilty plea in which he raised no objection, had the opportunity for a direct appeal, a PCR hearing, and an appeal from the PCR in which to raise these issues. However, he failed to raise them, raise them properly, or preserve the issues for habeas review. Petitioner cannot establish cause and prejudice because he has consistently abandoned opportunities to preserve these issues.

In the alternative, Petitioner must show a miscarriage of justice. In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Sclup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

During the guilty plea colloquy, the Solicitor recited the following facts, which Petitioner conceded in his guilty plea colloquy were accurate, to wit: that Petitioner robbed a convenience store of over $200 while armed with a machete, as captured on the store's video surveillance. Upon being identified by tipsters, Petitioner's photograph was

identified by the victim and police found Petitioner hiding in a bedroom closet. Petitioner admitted to having committed the crime and indicated he was on drugs at the time and spent the stolen money on drugs. [Entry #22-1 at 39-49].

The guilty plea colloquy reflects that Petitioner admitted he committed the crimes of armed robbery and use of a weapon and admitted the facts as recited by the Solicitor. In light of the foregoing, Petitioner cannot show actual innocence, and therefore, the procedural bars apply as to Grounds Two, Three, Four.

   3. Merits Review

In his remaining claim in Ground One, Petitioner alleges his guilty plea was involuntary, but he fails to articulate what renders his guilty plea involuntary. Addressing Petitioner's allegations as to this claim, the PCR Court found as follows:

> The Applicant alleges his guilty pleas were involuntary. This Court finds this allegation is without merit. To be knowing and voluntary, a plea must be entered with a full understanding of the charges and the consequences of the plea. Boykin v. Alabama, 395 U.S. 238, 243-44, 89 S. Ct. 1709, 1712 (1969); Dover v. State, 304 S.C. 433, 434, 405 S.E.2d 391, 392 (1991). When determining issues relating to guilty pleas, the court will consider the entire record, including the transcript of the guilty plea, and the evidence presented at the post-conviction relief hearing. Anderson v. State, 342 S.C. 54, 57, 535 S.E.2d 649, 657 (2000) (citing Harres v. Leeke, 282 S.C. 131, 318 S.E.2d 360 (1984)).
>
> This Court finds the Applicant failed to meet his burden of proving his guilty pleas were involuntary. The Applicant admitted to the plea judge both that he was guilty and that the facts recited by the solicitor were true. (Plea transcript, p.11; pp.38-40). The Applicant also told the plea judge that he understood the trial rights he was waiving in pleading guilty, was satisfied with counsel, and had not been coerced in any way. (Plea transcript, pp.10-12). The Applicant told the plea judge that he was giving truthful answers. (Plea transcript, p.41). This Court finds the Applicant was aware of

> the nature of the charges and the consequences of entering guilty pleas to them. See Pittman v. State, 337 S.C. 597, 599, 524 S.E.2d 623, 624 (1999) (finding a criminal defendant entering a guilty plea "must be aware of the nature and crucial elements of the offense, the maximum and any mandatory minimum penalty, and the nature of the constitutional rights being waived.").
>
> This Court concludes the Applicant has not met his burden of proving his guilty pleas were not knowingly, freely, and voluntarily entered. See Frasier v. State, 351 S.C. at 389, 570 S.E.2d at 174.

[Entry #22-1 at 114-115].

The undersigned can find no basis in the record on which to overturn the state court decision. The record reflects that the Petitioner voluntarily and knowingly entered his plea of guilty in open court. Petitioner specifically stated that he understood he was pleading guilty to the charges in the indictment; that by pleading guilty he understood that he would be sentenced to between 10 to 30 years on the armed robbery count and 5 years on the weapons count; and that he had been able to discuss with and have his lawyer answer all questions Petitioner had. Petitioner testified that he was satisfied with the work of his lawyer, that he understood the nature of the offenses that he was charged with and the possible penalty. Petitioner also testified that he was entering the plea freely and voluntarily. Petitioner affirmed that he was giving up his right to remain silent, to a trial by a jury, to confront the victim and witnesses, to have the state convince the jury of his guilt beyond a reasonable doubt, and that no one had promised, threatened, intimidated, or forced him to plead guilty. In addition to this testimony wherein Petitioner admitted his guilt, counsel's testimony at Petitioner's PCR hearing also fails to reveal any ineffective assistance of counsel. The United States Supreme Court has ruled that "[r]epresentations of

the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings . . . The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Here, Petitioner has not provided the court with any evidence that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court. Statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. *Via v Superintendent, Powhatan Correctional Center*, 643 F.2d 167, 171 (4th Cir. 1981). Petitioner has provided no evidence to show ineffective assistance of counsel in his case. Rather, the record shows that Petitioner had been advised by trial counsel, and that the consequences of his plea were fully explained to him by the court. The record also clearly shows that Petitioner was given every opportunity to change his mind, and he denied he had been coerced or forced to act in any manner concerning his plea. Hence, the record shows that Petitioner chose to enter a plea of guilty, and did so freely and voluntarily. *Little v. Allsbrook*, 731 F.2d 238 (4th Cir. 1984); *U.S. v. Futeral*, 539 F.2d 329 (4th Cir. 1976).

In sum, Petitioner has failed to show the PCR Court unreasonably applied United States Supreme Court precedent in deciding this issue. Additionally, Petitioner has failed to show by clear and convincing evidence the PCR Court reached an unreasonable factual determination of this issue given the evidence and record before it. *Evans v. Smith*, 220

F.3d 306, 312 (4th Cir. 2000) (federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding); *Williams v. Taylor*, 529 U.S. 420 (2000); *Bell v. Jarvis*, 236 F.3d 149, 157-158 (4th Cir. 2000); 28 U.S.C. § 2254(e)(1) (determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence). Therefore, Petitioner has failed to overcome the deferential standard of review accorded the state PCR court's determination of this issue. As a result, Petitioner has failed to show he is entitled to federal habeas corpus relief.

III.   Conclusion

For the foregoing reasons, the undersigned recommends Respondent's motion for summary judgment [Entry #23] be granted.

IT IS SO RECOMMENDED.

*/s/ Shiva V. Hodges*

May 18, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).