IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Edward Prestly Carroll, ) | Civil Action No.: 1:11-2092-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Warden McCall, Perry Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, a state prisoner proceeding *pro se*, initiated this suit by filing his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus on August 10, 2011. [§ 2254 Petition, Doc. # 1.][1] This matter is now before the Court with the Report and Recommendation ("R&R") of United States Magistrate Judge Shiva V. Hodges[2] filed on May 18, 2012. [R&R, Doc. # 31.] In her R&R, the magistrate judge recommends that Respondent's Motion for Summary Judgment [Doc. # 23] be granted. Petitioner timely filed objections to the R&R. [Obj., Doc. # 33.]

## Standard of Review

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the

---

[1] The facts and procedural background of this case are more thoroughly discussed in the magistrate's R&R. [*See* R&R, Doc. # 31, at 1–19.]

[2] This matter was referred to Magistrate Judge Hodges pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C.

recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("*[D]e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir.2005). Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## **Discussion**

The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. *See* Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). In the two pages submitted by Petitioner as his supposed "objections," Petitioner merely lists the four grounds of his § 2254 Petition and states that he has "met both prongs of . . . Strickland" and "both prongs of the Antiterrorism and Effective Death Penalty Act . . . ." [Obj., Doc. # 33, at 1–2.] Accordingly, none of the objections offered by Petitioner meet the applicable standard set above as they contain no basis for the "objections" nor contain any legal argument whatsoever. *See, e.g.*, *Weber v.*

*Aiken-Partain*, No. 8:11–cv–02423, 2012 WL 489148, at *2 (D.S.C. Feb. 15, 2012) (noting that objections that merely rehash arguments raised before, and addressed by, the magistrate are insufficient to direct the court to a specific error in the magistrate's proposed findings and recommendations); *Harrison v. Brown*, No. 3:10–cv–2642, 2012 WL 243212, at *1 (D.S.C. Jan. 24, 2012) (same); *Malik v. Sligh*, No. 2:11–cv–01064–RBH, 2011 WL 6817750, at *2 (D.S.C. Dec. 28, 2011) (same).

In light of Petitioner's failure to assert any specific objections to the Report and Recommendation, this Court is not required to respond to his general statements because "a district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." *See Monahan v. Burtt*, No. CIVA 205-2201-RBH, 2006 WL 2796390, at *9 (D.S.C. Sept. 27, 2006) (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988)). Further, to the extent Petitioner's objections are sufficient enough to warrant *de novo* review, this Court has reviewed the holdings referenced by Petitioner *de novo* and finds Petitioner's objections without merit. The issues in this case were correctly addressed by the magistrate and this Court will not address the issues a second time.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is

debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, and the applicable law. The Court has further conducted the required review of all of Petitioner's objections and finds them without merit. For the reasons stated above and by the magistrate judge, the Court hereby overrules all of Petitioner's objections and adopts the magistrate judge's R&R.

**IT IS THEREFORE ORDERED** that Respondent's Motion for Summary Judgment [Doc. # 23] is **GRANTED** and the § 2254 Petition is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

Florence, South Carolina
August 20, 2012